# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLARENCE RUDY BROWN, | ) | 1:06-CV-01658 AWI LJO HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION FOR STAY |
| | ) | |
| v. | ) | [Doc. #8] |
| | ) | |
| | ) | |
| DENNIS SMITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On December 18, 2006, this Court granted the petition for writ of habeas corpus. Respondent was ordered to consider the appropriateness of transferring Petitioner to a residential re-entry center ("RRC") in light of the factors set forth in 18 U.S.C. §§ 3621(b), not excluding any other factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21. Respondent was directed to make this determination within 14 days of the date of the December 18, 2006, Order (hereinafter "Order").

On January 11, 2007, Respondent filed a motion for stay of the Order. On January 18, 2007, Petitioner filed an opposition to Respondent's motion to stay.

**DISCUSSION**

Pending before the Court is Respondent's motion to stay the Order. Respondent asks that the

Order be stayed until May 12, 2009, to give Respondent an opportunity to appeal the Order to the Ninth Circuit. Respondent argues that "Program Statement 7310.04 requires the BOP to begin release planning at an inmate's first team meeting." Respondent's Motion at 2. Pursuant to Program Statement 7310.04 § 8, "A final and specific release plan, including a decision as to [RRC] referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date." Id. In this case, Petitioner is not scheduled for release until, at the earliest, June 12, 2013. Id.

Petitioner opposes Respondent's motion for stay and requests immediate enforcement of the judgment. Petitioner argues he should be considered for placement in an RRC because he is a prime candidate.

Respondent's arguments for a stay are persuasive, but the Court does not agree with the length of the stay requested. Considering the large quantity of similar cases being filed, the Court's caseload would be significantly burdened with these stagnant cases if they were stayed for such long periods of time. However, Petitioner will not be prejudiced by a short stay, because Petitioner is not automatically entitled to a redesignation to an RRC. The BOP retains the *discretion* under 18 U.S.C. § 3621(b) to transfer Petitioner to an RRC, and the Order granting the petition only directed Respondent to *consider* whether it would be appropriate to transfer Petitioner to an RRC in light of the five factors set forth in § 3621(b). Given Petitioner will not be released until 2013 at the earliest, a stay of six months is not unreasonable.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion for stay of the Order is GRANTED;

2. Respondent is ORDERED to comply with the Order prior to July 31, 2007;

IT IS SO ORDERED.

**Dated:    February 10, 2007**            /s/ Anthony W. Ishii
0m8i78                                     UNITED STATES DISTRICT JUDGE